Maxwell, J.
This suit was commenced in the county court of Arapahoe county by Guth against Doss & Hunter, alleging them to be copartners. On the issue of partnership,- the trial in the county court resulted in a judgment in favor of Hunter. Guth appealed to the district court, where trial was to the court and judgment went against Hunter, who appeals to this court.
The suit was to recover rent under a written lease dated April 12, 1899, executed by John Guth, as lessor, and J. E. Doss & Co., as lessees.
Anna Guth, wife of John, testified that, April 12, 1899, Doss, in the presence of Hunter, told her that Hunter was his partner; that she was not introduced to Hunter that day; that she had no conversation with Hunter at that time; that she made no inquiries as to Hunter’s financial condition; that Doss dictated the lease, which was signed J. E. Doss & Co.; that within a week after the lease was executed Doss introduced her to Hunter as his partner; that Hunter said, “Yes, I presume we will do a good business”; that she did not know that Hunter had ever seen the lease; that she did not take the trouble to ascertain from Hunter whether or not he was a *137 partner; that she never had any conversation with Hunter except this one time; that Hunter was frequently at the saloon; that receipts for the rent were made out in the name of Doss & Hunter.
Johnson, a witness for the plaintiff, testified that April 12, 1899, Hunter told him that he was one of the partners.
Over an objection of Hunter the written lease above referred to was introduced in evidence. This lease contained a statement in its preamble, as follows: “J. E. Doss and J. E. Hunter, copartners as J. E. Doss & Co.”
The foregoing is substantially the evidence introduced by the plaintiff bearing upon the issue of partnership.
From the testimony of the defendants it appears that both Doss and Hunter deny the existence of a partnership inter se. Doss denies that he introduced Hunter to Mrs. Guth as his partner. Hunter denies that he admitted to Johnson that he was a partner and testified that he never saw the lease and had no knowledge of its existence, until the trial of the case. He admits that he was at the saloon frequently, but had nothing to do with the business; that he loaned Doss money to purchase and carry on the business, and that, if the business had been successful, he would have received his money, and that Doss is still indebted to him on that account.
Counsel for appellant in his brief says: ‘ ‘ Practically the only question tried in the district court was the issue of partnership, and it is on account of error in the proceedings by which that court arrived at its judgment that review is sought here w * *• As the errors assigned refer to the admission and rejection of evidence and the rendering of judgment, they may be discussed together and we will adopt that plan.” In other words, the con-' *138 tention of counsel is, that the judgment is not supported by the evidence, and that the court erred in the rejection and admission of evidence.
Then follows an analysis of the evidence, and a discussion of the rulings of the court in the reception of evidence asserted by defendant to be incompetent, and the rejection of evidence declared to be competent. An examination of the record in this case leads to 'the conclusion that sufficient competent evidence was before the court to sustain this judgment.
Two well-settled rules of the appellate courts of this state compel an affirmance of the judgment in this case.
First, where the judgment is supported by comr petent evidence,'although it'may be conflicting, and .it does not appear that the trial court was influenced by bias or prejudice, the judgment will not be disturbed.
Second, where the trial is to the court without a jury and there was silfficient competent evidence to' support the judgment, the reception of incompetent evidence is not ground for reversal, as it must be presumed, the court is governed by proper rules of law in considering it, especially when it appears from the record that sufficient competent evidence to sustain the judgment was adduced, disregarding the evidence objected to.
The evidence rejected was clearly immaterial and incompetent for the purpose for which it was offered.
The judgment will be affirmed. Affirmed.